# United States District Court
# Central District of California

| | |
|---|---|
| IAN BOTNICK, et al., | Case № 2:20-cv-10880-ODW (JPRx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO REMAND [13]** |
| BMW of NORTH AMERICA, LLC, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs Ian Zachary Botnick, Candy Michelle Botnick, and Mary Jones ("Plaintiffs") filed this Song Beverly Consumer Warranty Act ("Song-Beverly") action in the Superior Court of California, County of Los Angeles.  (Decl. Jason M. Barmasse ("Barmasse Decl.") Ex. A ("Compl."), ECF No. 1-1.)  Defendant BMW of North America, LLC removed the matter to this Court and Plaintiffs now seek to remand.  (Notice Removal ("Notice") ¶ 6, ECF No. 1; Mot. Remand ("Mot."), ECF No. 13; Opp'n, ECF No. 17; Reply, ECF No. 19.)  For the reasons that follow, the Court finds that it lacks subject matter jurisdiction and **REMANDS** this action to state court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

In October 2018, Plaintiffs purchased a used 2015 BMW i3 ("Vehicle"). (Compl. ¶ 8.)  Plaintiffs allege that BMW or its representatives failed to conform the Vehicle to its express and implied warranties after a reasonable number of repair attempts.  (*Id.* ¶¶ 9, 16–56.)  BMW removed the case on the basis of alleged diversity jurisdiction, asserting complete diversity of citizenship and an amount in controversy of at least $114,058.80.  (Notice ¶¶ 16, 20.)  Plaintiffs move to remand, arguing BMW cannot establish that the amount in controversy exceeds $75,000.  (Mot. 1.)

## III.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; see also *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Any civil action filed in state court may be removed to a federal court if the federal court has original jurisdiction over the suit.  28 U.S.C. § 1441.  Federal courts have original jurisdiction where at least one claim in the original action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* §§ 1331, 1332(a).

A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  But where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides submit proof and the court decides" whether the defendant has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The defendant bears the burden of establishing that removal is proper.  *Id.*

# IV.   DISCUSSION

Plaintiffs seek remand on the basis that BMW cannot establish federal diversity subject matter jurisdiction in this action.  (*See* Mot.)   The parties do not dispute diversity of citizenship; accordingly, only the amount in controversy is at issue.  (*See* Notice ¶¶ 10–16; Mot. 3 n.1.)

"The amount in controversy is the amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks omitted).   It includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Id.*   When a complaint, as here, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

BMW contends that the amount in controversy is met because Plaintiffs seek actual damages, a civil penalty of up to twice the actual damages, and attorneys' fees and costs.   (Opp'n 2–3; Notice ¶ 20.)   For the reasons below, the Court finds that BMW has not met its burden to establish the amount in controversy is satisfied.

## A.   Actual Damages

Actual damages under Song-Beverly are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).   The reduction is based on the number of miles the buyer has driven prior to the first attempted repair; this is sometimes called the "mileage offset."  *Id.*; *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL (PJWx), 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020).

BMW argues that Plaintiff's actual damages are the "total amount payable under the Retail Installment Contract," which is $38,019.60.  (Notice ¶ 20; Opp'n 2;

Barmasse Decl. Ex. C ("Contract"), ECF No. 1-3.[2]) However, on the face of the Complaint, Plaintiffs seek *restitution* for all money paid, not the total amount payable. (Compl., Prayer ¶ 2.) The general principal of restitution, embodied in California Civil Code section 1793.2(d)(2)(B), "seeks to restore the plaintiff to his or her original position." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Thus, the actual damages in controversy here consist of Plaintiffs' payments made to BMW, not the total amount payable. *See id.* ("Limiting [a plaintiff's] recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.") BMW does not indicate what payments Plaintiffs have actually made and the record reflects only an initial down payment of $3,141.18. (*See* Contract 2.) "Without this information, the Court is left with considerable doubt as to the amount-in-controversy." *Lopez v. FCA US LLC*, No. 2:19-CV-07577-RGK (MRWx), 2019 WL 4450427, at *1 (C.D. Cal. Sept. 16, 2019). Therefore, BMW fails to carry its burden to establish Plaintiffs' actual damages by a preponderance of the evidence.[3]

**B.    Civil Penalty**

If a court determines that a defendant's failure to comply with the terms of Song-Beverly is willful, a successful plaintiff is entitled to recover a civil penalty of up to twice the amount of the actual damages. Cal. Civ. Code § 1794(c). However, where the amount of actual damages is speculative, an attempt to determine the civil penalty is equally uncertain. *Edwards v. Ford Motor Co.*, No. 16-cv-05852-BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016).

BMW fails to establish the amount of actual damages at issue, "which is necessary to determine the total civil penalty." *Id.* Therefore, determining a civil penalty is equally uncertain. *See Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-

---

[2] BMW's Exhibit C, the Retail Installment Contract, is nearly illegible and does not comply with the Court's local rules. *See* C.D. Cal. L.R. 11-3.1.

[3] As BMW fails to support an actual damages figure, the Court need not consider its calculations regarding mileage offset.

CV-06650-VAP (PLAx), 2018 WL 4674598, at \*2 (C.D. Cal. Sept. 26, 2018) (finding that, where the amount of actual damages was speculative, the court was unable to determine whether a civil penalty might be imposed). Further, although Plaintiffs allege that they are entitled to a civil penalty, (Compl., Prayer ¶ 5), BMW has not pointed to any specific allegations of willfulness in the Complaint that suggest a civil penalty will be awarded or how much it might be. *See Eberle*, 2018 WL 4674598, at \*2 (collecting cases holding that, where a defendant fails to offer evidence or allegations in support, courts are unable to determine the likelihood or amount of a civil penalty). Accordingly, BMW fails to carry its burden regarding a civil penalty.

**C.    Attorneys' Fees**

Under Song-Beverly, a prevailing buyer may recover attorneys' fees and costs. Cal. Civ. Code § 1794(d). In the Ninth Circuit, future attorneys' fees may also be included in the amount in controversy. *Fritsch*, 899 F.3d at 795. A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and "make this showing with summary-judgment-type evidence." *Id.* at 795. "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, BMW states only that adding attorneys' fees will increase the amount in controversy and that "[f]ee awards in cases of this nature are substantial." (Opp'n 3; Notice ¶ 22.) BMW does not suggest an actual figure or submit any evidence to support one. Therefore, BMW fails to satisfy the burden of proof necessary to include attorneys' fees in the amount in controversy

Ultimately, the Court finds that BMW has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. For these reasons, the Court finds it lacks jurisdiction and **GRANTS** Plaintiffs' Motion.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand.  (ECF No. 13).  The Court **REMANDS** the action to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 20STCV41519.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 6, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**